Wm. H. Letchford & Co. v. Pennell F. Starns.

When a note bears interest from maturity, the interest begins to run from the day of payment specified, without allowing for days of grace.

The decision in the case of *Weems* v. *Ventress*, 14th An., re-affirmed.

When a note is made payable at a particular place, it is not necessary to allege or prove, in an action against the maker, that a demand for payment was made at the place designated in the note, to enable plaintiff to recover.

The decisions in 5th An., pp. 61 and 188, re-affirmed.

APPEAL from the District Court of the Parish of Livingston, *Wilson*, J.
*W. E. Walker*, for plaintiffs. *A. Hennen*, for defendant and appellant.

BUCHANAN, J. This is an appeal by defendant from the confirmation of a judgment by default on two promissory notes payable at the counting-house of the payees, plaintiffs herein. Defendant is the maker of the notes.

Two questions are made by appellant :

1. Interest is allowed in the judgment from the maturity of the notes, and including the three days of grace.

2. No demand of payment at the place where the note was made payable, is proved.

The first point is disposed of, by our decision in *Weems* v. *Ventress*, 14 Annual, p. 267.

On the second point, it is now well settled, that when a note is made payable at a particular place, it is not necessary to allege or prove, in an action against the maker, that a demand of payment was made at the place designated in the note, to enable plaintiff to recover. *Ripka* v. *Pope*, 5 An. 61 ; *Posey* v. *Bank of Louisiana*, 5 An. 188.

The older cases, relied upon by defendant's counsel, which favor a contrary doctrine, have been expressly and repeatedly overruled.

Judgment affirmed, with costs.

MERRICK, C. J., absent.